UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MODERN WOODMEN OF
AMERICA,

     Plaintiff,

v.                                Case No. 3:21cv4069-TKW-HTC

LISA M. STUCKEY, DONALD B.
STUCKEY, and JONATHAN E.
STUCKEY,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Modern Woodmen of America ("Modern Woodmen") brings this statutory interpleader action under 28 U.S.C. § 1335 asking the Court to resolve conflicting claims to death benefits payable under a life insurance policy. Pending before the Court is Modern Woodmen's Motion for Default Judgment against Donald B. Stuckey and Jonathan E. Stuckey and Final Judgment Order in Interpleader. ECF Doc. 25. The matter was referred to the undersigned magistrate judge for a report and recommendation. Upon consideration, it is respectfully **RECOMMENDED** that Modern Woodmen's motion be **GRANTED** and judgment be entered as set forth herein.

## I.    BACKGROUND

Donald R. Stuckey (the "Decedent") was insured under a Modern Woodmen term life insurance policy, designated as Certificate No. 8222070 (the "Term Certificate"), with a face value of $50,000, and a Register Date of March 1, 2008. Defendant Lisa M. Stuckey, Donald R. Stuckey's then wife, was the designated principal and sole beneficiary under the Term Certificate. Subsequently, the Decedent and Mrs. Stuckey divorced and pursuant to a Judgment of Dissolution, the Decedent was required to "maintain the Modern Woodmen of America term life insurance policy, and name Wife as sole beneficiary on that policy for so long as he has an obligation to pay alimony." ECF Doc. 1-1 at 5-6.

After that Judgment of Dissolution was entered, due to impending premium increases, Decedent converted the Term Certificate to a permanent life insurance policy, with a death benefit of $35,000, designated Certificate No. 8878205 (the "Permanent Certificate"). The beneficiaries under the Permanent Certificate are Defendant Lisa M. Stuckey, designated to receive 72% of the death benefit, and Defendants Donald B. Stuckey and Jonathan E. Stuckey, Decedent's sons, designated to each receive 14% of the death benefit. ECF Doc. 1 at ¶ 15. After the Decedent died, each Defendant submitted a claim for death benefits to Modern Woodmen.

Because of the conflict between the Permanent Certificate and the Judgment of Dissolution and the presence of competing claims, Modern Woodmen filed a Complaint for Interpleader pursuant to 28 U.S.C. §§ 1335, 1397, and 2361 with this Court on December 10, 2021.  ECF Doc. 1 at ¶ 17.  On January 7, 2022, Defendant Jonathan E. Stuckey returned a Waiver of the Service of Summons, which Modern Woodmen filed with the Court on January 19, 2022.  ECF Doc. 9.  On January 20, 2022, Defendant Donald B. Stuckey returned a Waiver of the Service of Summons, which Modern Woodmen filed with the Court on January 20, 2022.  ECF Doc. 10. On February 16, 2022, Modern Woodmen served Lisa M. Stuckey with a Summons and the Complaint for Interpleader by individual/personal service.  ECF Doc. 13.

Along with the complaint, Modern Woodmen filed a motion for leave to deposit its admitted liability of $35,501.07, representing the death benefit under the Permanent Certificate plus accrued interest, into the Court's registry.  ECF Doc. 15. The Court granted the motion on March 3, 2022, and the funds were deposited into the Court's registry.[1]  ECF Docs. 17, 18.

Having received no response to the complaint from the Defendants, on April 5, 2022, this Court ordered Defendants to show cause why a default judgment should not be entered against them.  ECF Doc. 19.  As explained in the show cause order,

---

[1] Before granting the motion, the Court ordered Modern Woodmen to file a certificate of service showing the motion was served on the Defendants.  ECF Doc. 14.  After complying with that requirement, Modern Woodmen filed an amended motion to deposit.  ECF Doc. 15.

"[a] default judgment may be entered against any named and served interpleader defendant who fails to respond to the interpleader complaint." *BBVA USA Bancshares, Inc. v. Bandy*, 2020 WL 3104594, at *3 (N.D. Ala. June 11, 2020) (collecting cases) (quoting *Protective Life Ins. Co. v. Tinney*, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25, 2015) (collecting cases)).

In response to the show cause order, Defendant Lisa M. Stuckey filed an Answer to Plaintiff's Complaint on April 2, 2022. ECF Doc. 20. However, neither Jonathan E. Stuckey nor Donald B. Stuckey responded to the show cause order. In an effort to give Jonathan E. Stuckey and Donald B. Stuckey a final opportunity to make a claim to the insurance proceeds, the Court set a status conference for June 1, 2022.[2] ECF Doc. 21. Modern Woodmen and Lisa M. Stuckey appeared at the status conference via Zoom; Jonathan E. Stuckey and Donald B. Stuckey did not attend. Following the status conference, the Court ordered the clerk to enter a default against Donald B. Stuckey and Jonathan E. Stuckey pursuant to Fed. R. Civ. P. 55(a). ECF Doc. 24.

In the instant motion, Modern Woodmen requests the Court (1) enter default judgment against Donald B. Stuckey and Jonathan E. Stuckey pursuant to Fed. R. Civ. P. 55(b)(2); (2) enjoin Lisa M. Stuckey, Donald B. Stuckey, and Jonathan E.

---

[2] In the Court's order setting the status conference, the Court once again advised Defendants of the Court's authority to enter a default judgment against them. ECF Doc. 21.

Stuckey during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Modern Woodmen of America in any state or federal court or other forum with respect to Certificate Nos. 8222070 or 8878205 or on account of the death of Donald R. Stuckey, the insured, and that said injunction issue without bond or surety; (3) grant judgment to Modern Woodmen with the finding that it has no further liability to Lisa M. Stuckey, Donald B. Stuckey, and Jonathan E. Stuckey, or to any person or entity claiming through them, with respect to Certificate Nos. 8222070 or 8878205 or on account of the death of Donald R. Stuckey; (4) enter an Order that Modern Woodmen has acted in good faith by interpleading the proceeds of Certificate Nos. 8222070 or 8878205 and its admitted liability with the Clerk of the Court; (5) enter judgment in favor of Modern Woodmen against Lisa M. Stuckey, Donald B. Stuckey, and Jonathan E. Stuckey on its Complaint for Interpleader with an express finding of finality pursuant to Fed. R. Civ. P. 54(b); (6) excuse and dismiss Modern Woodmen from further attendance on this case with prejudice; and (7) grant Modern Woodmen such further other relief as this Court deems just and appropriate. ECF Doc. 25. Modern Woodmen does not seek fees or costs.

## II.    DISCHARGE JUDGMENT IN FAVOR OF WOODMEN

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids

multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Coop. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). "The purpose of an interpleader action is to protect a party from the possibility of defending multiple claims to a limited fund." *Unicare Life & Health Ins. Co. v. Galvan*, No. 1:11-CV-61-SPM-GRJ, 2011 WL 6258845, at *2 (N.D. Fla. July 15, 2011), *report and recommendation adopted*, No. 1:11-CV-61-SPM/GRJ, 2011 WL 6258822 (N.D. Fla. Dec. 15, 2011). Accordingly, the interpleader statutes and rules are "liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability."

Federal Rule of Civil Procedure 22 allows a plaintiff to file a motion for interpleader against claimants where claims that may expose the plaintiff to multiple liabilities exist. Fed. R. Civ. P. 22. A district court has original jurisdiction of any civil action of interpleader where the amount in controversy is $500 or more, where the claimants are of diverse citizenship, and where the plaintiff has deposited such money into the registry of the court. 28 U.S.C. § 1335.

Modern Woodmen, as a disinterested stakeholder, has deposited the full amount of its liability, $35,501.07, into this Court's registry as of March 7, 2022. ECF Doc. 15 at ¶ 2. Once a plaintiff deposits the funds into the court registry, "all legal obligations to the asset's claimants are satisfied" and the district court should enter a "discharge judgment on behalf of the stakeholder." *In re Mandalay Shores*,

21 F.3d at 383; 28 U.S.C. § 2361.  Thus, the undersigned finds Modern Woodmen should be discharged from this action.  *See e.g., John Alden Life Ins. Co. v. Vanlandingham*, No. 5:04CV538OC10GRJ, 2006 WL 1529047 at *5 (M.D. Fla. May 30, 2006) (granting plaintiff's motion for interpleader and fees and noting that plaintiff, as a disinterested stakeholder, was entitled to early dismissal from case with prejudice); *Clark v. JPMorgan Chase Bank, N.A.*, 2022 WL 1105798, at *4 (S.D. Fla. Mar. 28, 2022), *report and recommendation adopted*, 2022 WL 1103255 (S.D. Fla. Apr. 13, 2022) (dismissing disinterested stakeholder from case); *United States v. Sentinel Fire Ins. Co.*, 178 F.2d 217, 224 (5th Cir. 1950) (noting that "plaintiffs in [an] interpleader suit [can be] dismissed before final decree").

Moreover, in interpleader actions, "a district court may ... enter its order restraining [all claimants] from instating or prosecuting any proceeding ... affecting the property, instrument or obligation involved in the interpleader action." 28 U.S.C. § 2361; *see also Primerica Life Ins. Co. v. Guerra*, No. 162016 WL 10591984, at *2 (S.D. Fla. Dec. 21, 2016) ("Pursuant to 28 U.S.C. § 2361, [the defendants] are enjoined from instituting any proceeding, commencing, or continuing any action against [the plaintiff] and/or its agents in relation to the Policy.").  Thus, as set forth below, the Defendants will be enjoined from commencing any suit against Modern Woodmen arising out of the death benefits.

## III.   DEFAULT JUDGMENT AGAINST DONALD B. STUCKEY AND JONATHAN E. STUCKEY

Modern Woodmen moves for a default judgment against Defendants Donald B. Stuckey and Jonathan E. Stuckey pursuant to Federal Rule of Civil Procedure 55(b)(2).  Rule 55 authorizes the court to enter a default judgment against a party who has failed to plead in response to a complaint.  Fed. R. Civ. P. 55.  There are two steps under Rule 55.  First, the clerk is to enter a default, which has already been done in this case.  Fed. R. Civ. P. 55(a).  Second, if the judgment is not for a sum certain, a party must move the court to enter default judgment against the non-responding parties.  Fed. R. Civ. P. 55(b)(2).

An entry of default judgment bars defendants from later seeking entitlement to the insurance proceeds.  *See Sun Life Assurance Co. of Can. v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted."); *see also Balfour Beatty Constr., LLC v. New Era Lending, LLC*, 2017 WL 3971438, at *4 (M.D. Fla. Sept. 8, 2017) (explaining that a "'default necessarily forfeits any claim to the res'") (quoting *Tinney*, 2015 WL 1402464, at *4).  "Without the ability to enter a default judgment against an interpleader defendant who refuses to appear in the action, the court is unable to provide relief to the remaining defendants."  *Tinney*, 2015 WL 1402464, at *4.

Here, Donald B. Stuckey and Jonathan E. Stuckey were properly served and despite waiving personal service, failed to plead or defend against the interpleader complaint and the time for them to do so has passed. Also, Modern Woodmen has attempted to reach out to Donald B. Stuckey and Jonathan E. Stuckey and represented at the status conference that Donald B. Stuckey expressed no interest in the death benefits and Jonathan E. Stuckey did not respond.

Moreover, the Court gave Defendants two opportunities to come to the Court and make a claim to the death benefits before recommending a default judgment be entered, but neither responded to any of the Court's orders or otherwise appeared. Neither Defendant has responded to the motion for default.[3] Thus, the Court finds a default judgment should be entered against Defendants Donald B. Stuckey and Jonathan E. Stuckey. *See* Fed. R. Civ. P. 55(b)(2); *see also, Bandy*, 2020 WL 3104594, at *3 ("a district court has inherent authority in appropriate circumstances to *sua sponte* enter a default judgment that in an interpleader action serves to terminate the party's interest in the fund at issue"); *United Healthcare Ins. Co. v. Pate*, No. 3:18CV2076-MCR/MJF, 2018 WL 7361406, at *2 (N.D. Fla. Nov. 30, 2018) (finding no hearing necessary and default judgment should be entered against non-responding defendants for their failure to appear and defend or assert a claim in the suit).

---

[3] Modern Woodmen also attempted to reach out to the Stuckeys before filing the instant motion.

Any claims by Donald B. Stuckey and Jonathan E. Stuckey to the interpleaded funds should be dismissed and they should not be permitted to interpose any future claims to the funds Modern Woodmen has deposited into the Court registry.  Finally, because Lisa M. Stuckey is the only remaining Defendant claiming an interest in the death benefits, the Court finds she is entitled to 100% of the interpleaded funds.

## IV.    CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that:

1.    Plaintiff's Motion for Entry of Default Judgment against Donald B. Stuckey and Jonathan E. Stuckey and for Dismissal from this Action, ECF No. 25, be **GRANTED** as set forth herein.

2.    Modern Woodmen be **DISMISSED** from this action and be fully and finally **DISCHARGED** from all further liability as to any and all claims arising out of or relating to the death certificate benefits for Certificate Nos. 8222070 or 8878205, which insured decedent Donald R. Stuckey.

3.    The **clerk** be **DIRECTED** to enter a default judgment against Defendants Donald B. Stuckey and Jonathan E. Stuckey foreclosing any claim either Defendant may have to the interpleaded funds deposited into the court registry.

4.    The **clerk** be **DIRECTED** to disburse the full amount on deposit in the Court's registry for this action to Defendant Lisa M. Stuckey.

5.      Defendants Lisa M. Stuckey, Donald B. Stuckey, and Jonathan E. Stuckey, their officers, agents, servants, and attorneys and those in active concert or participation with them who receive actual notice of the Court's order adopting this report and recommendation should be **ENJOINED** from instituting any action or actions in any court against Modern Woodmen arising out of or relating to any claim or claims with respect to Certificate Nos. 8222070 or 8878205 or on account of the death of Donald R. Stuckey, the insured, and that said injunction issue without bond or surety.

6.      The judgment be a final judgment under Federal Rule of Civil Procedure 58 resolving all claims among all parties.

7.      The action be **DISMISSED** and the clerk be directed to close the file.

At Pensacola, Florida, this 22nd day of June, 2022.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.